**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **CRIMINAL NO. 02-40053-GPM-1** |
| | ) | |
| | ) | |
| **DONALD LEE WEIDENBURNER,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## <u>MEMORANDUM AND ORDER</u>

**MURPHY, District Judge:**

This case is before the Court on the Motion for New Trial (Doc. 757), the Motion to Appoint Counsel (Doc. 763), the Motion to Proceed with Filing of Motion for New Trial (Doc. 764), and the Motion for Leave to Appeal In Forma Pauperis (Doc. 771) all filed by Defendant Donald Weidenburner *pro se*.   The Court has reviewed Defendant's filings, and following this careful review, Defendant's Motion for New Trial is stricken from the record as being improperly filed *pro se* while Defendant was represented by counsel, and the other three motions are denied.

### BACKGROUND

On October 8, 2002, an indictment was returned which charged Donald Lee Weidenburner with conspiracy to manufacture and distribute 500 grams or more of a mixture and substance containing methamphetamine (Doc. 1).   On December 5, 2002, a superseding indictment was returned (Doc. 2); on May 7, 2003, a second superseding indictment was returned (Doc. 115); and on June 3, 2003, the third superseding indictment was returned (Doc. 152).   The third superseding

indictment charged Defendant and six other individuals with conspiracy to manufacture and distribute 500 grams or more of a mixture or substance containing methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii), 846 (Doc. 152).   There was also a forfeiture charge against Defendant for all cash proceeds and substitute assets constituting or derived from any proceeds he obtained directly or indirectly as a result of the conspiracy to manufacture and distribute methamphetamine (Doc. 152).

Defendant was a fugitive for the better part of ten years until his arrest in the Western District of Kentucky on November 30, 2010 (Doc. 569).   On December 10, 2010, Defendant made his initial appearance in the Southern District of Illinois (Doc. 572).   He pleaded not guilty and he was committed to the custody of the U.S. Marshal Service (Docs. 572, 576).

On March 29, 2012, after four days of trial, Defendant was convicted by the jury (Docs. 665, 666).   On April 3, 2012, Defendant's counsel, Robert Herman, filed his first Motion for New Trial pursuant to FED. R. CRIM. P. 33 (Doc. 674).   On July 2, 2012, the motion was denied after a hearing in front of the Court (Doc. 705).   That same day, Defendant was sentenced to 360 months imprisonment and 10 years supervised release (Doc. 655); judgment was entered (Doc. 708); and Defendant filed a Notice of Appeal (Doc. 710).   That appeal is still pending in the Seventh Circuit as case number 12-2579.

Attorney Robert Herman was permitted to withdraw as Defendant's counsel (Docs. 705, 739).   On February 22, 2013, Attorney Monica Foster of the Indiana Federal Community Defenders office was appointed by the Seventh Circuit to represent Defendant in his appeal (Doc. 739).   Attorney Sara Varner of the same office entered her appearance in this Court on February 26, 2013 (Doc. 740).

Despite being represented by counsel, on June 3, 2013, Defendant filed a *pro se* motion seeking leave to file a second Motion for a New Trial under seal (Doc. 754).   On June 13, 2013, Defendant's request to file the Motion for a New Trial under seal was denied, and the Motion was filed without a sealed restriction (Docs. 756, 757, 758).   On June 20, 2013, Defendant filed a *pro se* motion requesting the Court to appoint counsel to represent him on his Motion for a New Trial (Doc. 763).   Six days later, on June 26, 2013, Defendant filed another *pro se* motion asking the Court to file his Motion for a New Trial even though his request to seal the motion was denied (Doc. 764).   That same day, Defendant filed a Notice of Appeal indicating he was appealing the order denying his motion to file under seal (Doc. 765).   On July 15, 2013, Defendant filed a motion seeking leave to proceed *in forma pauperis* on his appeal (Doc. 771).

The Government has not filed a response to any of Defendant's *pro se* motions, nor have they been ordered to do so.

## DISCUSSION

### I.   "Motion to Proceed with Filing of Motion for New Trial" (Doc. 764)

As an initial matter, the Court will address Defendant's Motion to Proceed with Filing of Motion for New Trial (Doc. 764).   As noted above, Defendant initially requested to file his motion for a new trial under seal and his request was denied.   He then filed this Motion on June 26, 2013 asking the Court to allow him to proceed with his motion for a new trial even though his request to file it under seal was denied.   Defendant's "Motion to Proceed with Filing of Motion for New Trial" (Doc. 764) is DENIED AS MOOT.   His motion for a new trial was already filed with the Court on June 3, 2013 without the sealed restriction (Docs. 757, 758).

## II.  "Motion to Appoint Counsel" (Doc. 763)

The Court will next turn to Defendant's Motion to Appoint Counsel (Doc. 763). Defendant requested that the Court appoint an attorney to represent him on his motion for a new trial.   However, Defendant is already represented by counsel.   Attorney Sara Varner entered her appearance on behalf of Defendant in the U.S. District Court for the Southern District of Illinois on February 26, 2013 (Doc. 740).    Therefore, Defendant's Motion to Appoint Counsel (Doc. 763) is DENIED.

## III.  "Motion for New Trial" (Doc. 757)

Defendant filed a Motion for a New Trial pursuant to FED. R. CRIM. P. 33, claiming that he is entitled to a new trial on the basis of newly discovered evidence (Doc. 757).[1]   Defendant filed the motion *pro se* even though he is represented by counsel.   However, a defendant has no right to file a *pro se* motion while represented by counsel.   *United States v. Rollins*, 309 Fed.Appx. 37, 38 (7th Cir. 2009), *citing United States v. Gwiazdzinski*, 141 F.3d 784, 787 (7th Cir. 1998).   In the absence of such a right, the Court has the discretion to decide whether to accept a *pro se* filing or to strike it as improper.   *See, e.g., Rollins*, 309 Fed.Appx. at 38, *Gwiazdzinski*, 141 F.3d at 787. Here the record does not show that Defendant's attorney ever moved to withdraw her representation, and it also appears that she has continued to represent him on the appeal of his case to the Seventh Circuit.   Therefore, the Court finds it proper to strike Defendant's Motion for New Trial, as it was filed *pro se* by Defendant while he was still apparently represented by counsel.

As an aside, if Defendant's motion is truly based on newly discovered evidence, which the Court is dubious of, the Court would not currently have proper jurisdiction to consider it because

---

[1] Defendant also erroneously stated that his motion for a new trial was filed pursuant to FED. R. CRIM. P. 52(b).   However, Rule 52 is a general provision that defines the terms "harmless error" and "plain error," and does not provide a procedural basis for Defendant to file this motion.

his appeal is still pending in front of the Seventh Circuit.   FED. R. CRIM. P. 33.

**IV.   "Motion for Leave to Appeal In Forma Pauperis" (Doc. 771).**

      The Court will next turn to Defendant's Motion for Leave to Appeal In Forma Pauperis ("IFP") (Doc. 771).   Defendant filed a Notice of Appeal on June 26, 2013 indicating that he was appealing the Court's denial of his motion to file under seal (Doc. 765).   He would like to proceed with the appeal without prepaying the $455 filing fee.

      A federal court may permit a party to proceed on appeal without full pre-payment of fees provided the party is indigent and the appeal is taken in good faith.   28 U.S.C. § 1915(a)(1) & (3); FED. R. APP. P. 24(a)(3).   A frivolous appeal cannot be made in good faith.   *Lee v. Clinton,* 209 F.3d 1025, 1026–27 (7th Cir. 2000).   The test for determining if an appeal is in good faith or not frivolous is whether any of the legal points are reasonably arguable on their merits.   *Neitzke v. Williams,* 490 U.S. 319, 325 (1989), *citing Anders v. California*, 386 U.S. 738, (1967); *Walker v. O'Brien,* 216 F.3d 626, 632 (7th Cir. 2000).

      After reviewing Defendant's motion and his supporting affidavit, the Court finds that Defendant has failed to meet the requirements to proceed on appeal in forma pauperis for the following reasons.   First, the affidavit filed by Defendant in support of his motion to proceed IFP is incomplete; he did not state in the designated section the issues he plans to present on appeal (Doc. 771).   Second, there are no legal points that are reasonably arguable on their merits regarding the Court's denial of Defendant's request to file his motion for a new trial under seal. Defendant requested to file under seal his 27 page *pro se* motion for a new trial along with approximately 250 pages of exhibits (*See* Doc. 757).   He indicated that his motion for a new trial should be filed under seal based on his belief that it contains "information that was filed under

seal," "New Evidence before the court as to the Public Authority Defense," and "evidence of covert operations between himself and State and Federal Agents" (Doc. 754).   However, in reviewing Defendant's motion for a new trial and the attached exhibits, it is clear to the Court that much of it does not warrant protection.   For example, at least four of the attached exhibits are publicly available documents, including transcripts and a notice taken directly from the Court's docket in this case (Docs. 757-1, 757-2, 757-6), and the docket sheet from a criminal case involving Defendant in Spencer Circuit Court of Indiana (757-7).   As for the rest of it, it is possible that some pages or portions may warrant protection, but nothing strikes the Court as containing anything particularly confidential.   Moreover, aside from the Defendant's brief statement of his beliefs, the motion to seal provides no explanation or supporting case law as to why the motion for a new trial should be sealed (Doc. 754).   It is not the Court's duty to read through each page and try to figure out what portions, if any, may legitimately be filed under seal. For these reasons, the Court is persuaded that Defendant's appeal is not in good faith, as well as patently ridiculous and an utter waste of judicial resources.   Accordingly, Defendant's motion for leave to proceed on appeal *in forma pauperis* (Doc. 771) is DENIED.

## CONCLUSION

Defendant's Motion for New Trial (Doc. 757) is **STRICKEN** from the record as being improperly filed *pro se* while Defendant was represented by counsel.   Defendant's Motion to Appoint Counsel (Doc. 763) is **DENIED**.   Defendant's Motion to Proceed with Filing of Motion for New Trial (Doc. 764) is **DENIED as moot**. Defendant's motion for leave to proceed on appeal *in forma pauperis* (Doc. 771) is **DENIED**.

**IT IS SO ORDERED.**

DATED:   July 17, 2013


s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge