IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

DONALD L. WEIDENBURNER,

    Defendant.

Case No. 2-cr-40053-JPG

## MEMORANDUM AND ORDER

This matter comes before the Court on defendant's Donald L. Weidenburner's Motion (Doc. 882) for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2). The Government was granted 14 days after the filing of a *pro se* motion to file a response and has not filed a response. However, a response is not necessary for the Court to make its determination.

On March 29, 2012, Petitioner was tried by jury and found guilty of conspiracy to manufacture and distribute 500 grams or more of a mixture and substance containing methamphetamine, in violation of 21 U.S.C. § 846. *See United States v. Weidenburner*, Case No. 02-cr-40053 (Doc. 666). Petitioner was sentenced on July 2, 2012, to 360 months imprisonment; ten years supervised release; a $100 special assessment; and a $400 fine. (Doc. 705, 02-cr-40053). Petitioner appealed and his appointed counsel asserted that any possible appellate claims were frivolous and sought to withdraw. The United States Court of Appeals for the Seventh Circuit granted counsel's motion to withdraw and dismissed the petitioner's appeal. *See United States v. Weidenburner,* 550 F. App'x 298, 300 (7th Cir. 2013).

The defendant now asks the Court to apply recent changes to U.S.S.G. § 2D1.1 to lower his sentence. Amendment 782 amended U.S.S.G. § 2D1.1(c) as of November 1, 2014, to lower

some base offense levels associated with various relevant conduct drug amounts.  The relevant parts of Amendment 782 were retroactive and became retroactively effective on November 1, 2015.  *See* U.S.S.G. § 1B1.10(d) & (e)(1) (2014).

Section 3582(c)(2) allows the Court to reduce a defendant's previously imposed sentence where "a defendant . . . has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o) . . . ."  In doing so, the Court must consider the factors set forth in 18 U.S.C. § 3553(a) and must ensure that any reduction "is consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(2).  Thus, a defendant urging a sentence reduction under § 3582(c)(2) must satisfy two criteria:  (1) the Sentencing Commission must have lowered the applicable guideline sentencing range, and (2) the reduction must be consistent with applicable policy statements issued by the Sentencing Commission.  If an amendment does not lower the defendant's applicable guideline range, the Court must deny a sentence reduction on the merits.  *United States v. Taylor*, No. 13-2978, 2015 WL 554452, *5 (7th Cir. Feb. 11, 2015).

The defendant cannot satisfy the first criterion because he was not "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)."  18 U.S.C. § 3582(c)(2).  Although Amendment 782 amended U.S.S.G. § 2D1.1(c) to lower some base offense levels associated with various drug amounts, the defendant's offense level and his guideline range has not been lowered by Amendment 782, and he cannot satisfy the first criterion under 18 U.S.C. § 3582(c)(2) for obtaining a sentence reduction.  *See United States v. Griffin*, 652 F.3d 793, 803 (7th Cir. 2011).

Defendant admits that his guideline range has not been lowered, but argues that his guideline range at sentencing was incorrect because he was, "sentenced using a newer version of the guidelines violating the Ex Post Facto Clause." (Doc. 882, pg 2). The defendant further argues that the Court should consider 18 U.S.C. § 3553(a) factors in its determination of whether to grant a sentence reduction under Amendment 782. However, "[t]he "sentencing range" that must have been changed to permit relief under § 3582(c)(2) is not the base offense level or any other intermediate step in the guideline calculation, but the bottom-line, final range that was the basis for the sentence." *United States v. Taylor*, 778 F.3d 667, 672 (7th Cir. 2015). The Court can only apply defendant's "bottom-line, final range" when making its analysis of whether a defendant satisfies the criterions under 18 U.S.C. § 3582(c)(2) for obtaining a sentence reduction. Arguments that the guideline range at sentencing was incorrect cannot be brought in this forum. If an amendment does not lower the defendant's applicable guideline range, the Court must deny a sentence reduction on the merits.

Because the defendant cannot satisfy the first criterion under 18 U.S.C. § 3582(c)(2) for obtaining a sentence reduction, the Court **DENIES** defendant Donald L. Weidenburner's *pro se* motion (Doc. 882) for reduction.

**IT IS SO ORDERED.**

DATED: 11/3/2016

s/J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**