IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  vs.<br><br>DONALD L. WEIDENBURNER,<br><br>    Defendant. | Case No. 2-cr-40053-JPG |

**MEMORANDUM AND ORDER**

This matter comes before the Court on defendant's Donald L. Weidenburner's Motion (Doc. 883) for Clarification. The Court grants in part and denies in part defendant's motion based on the following.

On March 29, 2012, Petitioner was tried by jury and found guilty of conspiracy to manufacture and distribute 500 grams or more of a mixture and substance containing methamphetamine, in violation of 21 U.S.C. § 846. *See United States v. Weidenburner*, Case No. 02-cr-40053 (Doc. 666). Petitioner was sentenced on July 2, 2012, to 360 months imprisonment; ten years supervised release; a $100 special assessment; and a $400 fine. (Doc. 705, 02-cr-40053). Petitioner appealed and his appointed counsel asserted that any possible appellate claims were frivolous and sought to withdraw. The United States Court of Appeals for the Seventh Circuit granted counsel's motion to withdraw and dismissed the petitioner's appeal. *See United States v. Weidenburner,* 550 F. App'x 298, 300 (7th Cir. 2013). On appeal, defendant was represented by attorneys Monica Foster and Sara J. Varner.

The defendant filed a motion for clarification with regard to his representation and various questions pertaining to appellate rights and procedures. The Court will grant in part defendant's motion with regard to clarification of representation, but deny the motion with regard to appellate

rights and procedures.  Defendant is referred to the Rules of Appellate Procedures located in the Federal Civil Judicial Procures and Rules (2016 Revised Edition) as an action pursuant to 28 U.S.C. § 2255 is a civil matter.

With regard to counsel, defendant is asking the Court to clarify the delay in his appellate counsel's motion to withdraw.  Defendant notes that on December 19, 2014, this Court indicated that there was no attorney of record entered on behalf of the defendant at that time – which was correct. (Doc. 829).  Attorneys Monica Foster and Sara J. Varner were withdrawn by the order of the United States Court of Appeals for the Seventh Circuit on December 19, 2013.  *See United States v. Weidenburner,* 550 F. App'x 298, 300 (7th Cir. 2013).  However, neither attorney had been termination on the district court docket sheet so Ms. Varner motioned (Doc. 830) to be withdrawn on January 2, 2015 and Ms. Foster motioned on August 9, 2016 (Doc. 878).  The order with regard to Ms. Varner's motion correctly stated that such a motion was moot because the withdraw of her representation was granted by the appellate court.  Ms. Foster's motion was simply granted.  The Court can only speculate on the reason for the late filing of Ms. Foster's motion, but would venture to guess that Ms. Foster received filings that notified her that her representation had not been terminated on the district docket.

Regardless, defendant was aware that both Ms. Varner's and Ms. Foster's representation had been terminated as of December 19, 2013, and Defendant was informed by the Court that he had no active representation on December 19, 2014.

As previously stated, defendant's Donald L. Weidenburner's Motion (Doc. 883) for  Clarification is **GRANTED** in part and **DENIED** in part.

**IT IS SO ORDERED.**

**DATED:**  11/3/2016

*s/J. Phil Gilbert*
**J. PHIL GILBERT**
**DISTRICT JUDGE**