IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>       Plaintiff,<br><br>   vs.<br><br>DONALD L. WEIDENBURNER,<br><br>       Defendant. | Case No. 2-cr-40053-JPG |

**MEMORANDUM AND ORDER**

This matter comes before the Court on defendant's Donald L. Weidenburner's Motion (Doc. 887) for Reconsideration of Order (Doc. 884) denying defendant's Motion (Doc. 882) for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2).  The Government has not filed a response and the time for doing so has expired.

On November 14, 2016, this Court denied defendant's Motion for Reduction based on defendant's failure to meet the criteria for a reduction.  As explained in the denial order, section 3582(c)(2) allows the Court to reduce a defendant's previously imposed sentence where "a defendant . . . has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o) . . . ."  In doing so, the Court must consider the factors set forth in 18 U.S.C. § 3553(a) and must ensure that any reduction "is consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(2).  Thus, a defendant urging a sentence reduction under § 3582(c)(2) must satisfy two criteria:  (1) the Sentencing Commission must have lowered the applicable guideline sentencing range, and (2) the reduction must be consistent with applicable policy statements issued by the Sentencing Commission.  If an amendment does not lower the

defendant's applicable guideline range, the Court must deny a sentence reduction on the merits. *United States v. Taylor*, No. 13-2978, 2015 WL 554452, *5 (7th Cir. Feb. 11, 2015).

The defendant admitted that his guideline range had not been lowered, but argued that his guideline range at sentencing was incorrect because he was, "sentenced using a newer version of the guidelines violating the Ex Post Facto Clause." (Doc. 882, pg 2). Arguments that the guideline range at sentencing was incorrect could not be brought in a § 3582(c)(2) and since the amendment did not lower the defendant's applicable guideline range, the Court was required to deny defendant's sentence reduction on the merits.

Defendant's motion for reconsideration argues that this Court predetermined the denial of his reduction motion based on this Court's statement that a response from the government was not necessary. He further states that he, "feels as though he is litigating with the Judge, not the Government." (Doc. 887, pg 2). That a response from the government was not necessary was based on the Court's application of § 3582(c)(2) criteria for a sentence reduction - regardless of whether the government filed a response. There was no predetermination of defendant's motion and this Court clearly considered and addressed the arguments contained in the defendant's motion.

Next, defendant argues that the Seventh Circuit decision in *U.S. v. White*, 621 Fed. Appx. 356, 357 (7th Cir. 2015)(unpublished), is the, "[s]ame forum as Weidenburner, same argument" *i.e.* that the sentencing court in *White* relied on misstatements in the presentence report ("PSR"). As such, the appellate court "vacated the decision and remanded for further proceedings." (Doc. 887, pg 3). However, the defendant is not correct in this argument because there are factual differences between *White* and the defendant's case.

In *White*, the defendant was denied a reduction based on an incorrect presentence report – *which was different from the actual sentence that White received*. The presentence report indicated a sentencing guideline based on a drug quality of 18 kilograms and at sentencing, "the court decided only that White was responsible for at least 1.5 kilograms of crack." *Id*. at 357. White was not eligible for a reduction if he was sentence based on 18 kilograms because that sentencing range had not been reduced, but he was eligible for reduction based on his actual sentencing amount of 1.5 kilograms.

This Court's denial of defendant's motion for reduction was based on defendant's actual sentence – "the bottom-line, final range that was the basis for the sentence." *United States v. Taylor*, 778 F.3d 667, 672 (7th Cir. 2015). At sentencing, this Court determined that the defendant had a criminal history category of III and an offense level of 42 resulting in a guideline range of 360 months to life. (Doc. 728, pg 18, lines 1-3). The guideline range determined by the court at sentencing was consistent with the PSR and that sentence range is not effective by Amendment 782.

The defendant next cites to *United States v. Hall*, 600 F.3d 872 (7th Cir. 2010) and *Molina-Martinez v. U.S.*, 136 S. Ct. 1338, 1340 (2016), arguing that this Court "could have revised its factual finding about the incorrect Criminal history Category as long as the revised finding was supported by the record." (Doc. 887, pg. 3).

In *Hall*, the defendant plead guilty to distributing in excess of 1.5 kilograms of crack cocaine and at sentencing, the Court adopted the presentencing report ("PSR") findings that he was responsible for distributing 16.9 kilograms of crack cocaine. As such, Hall was denied a sentence reduction and the appellate court affirmed stating:

> We have previously held that in deciding a sentence-reduction motion pursuant to § 3582(c), the district court may not make factual findings that are inconsistent

with those made during the original sentencing. But nothing prevents the court from making new findings that are supported by the record and not inconsistent with the findings made in the original sentencing determination. *Id*. at 876.

At Hall's sentencing, the court adopted the PSR, so the finding that Hall was ineligible for a reduction based on a drug quality of 16.9 kilograms of crack cocaine was not inconsistent with the factual findings in the original sentencing.

In *Molina-Martinez,* the United States Supreme Court held that "[w]hen a defendant is sentenced under an incorrect Guidelines range – whether or not the defendant's ultimate sentence falls within the correct range- the error itself can, and most often will, be sufficient to show a reasonable probability of a different outcome absent the error." *Id.* at 1345.

The issue of the incorrect category range was addressed in the defendant's direct appeal. The Seventh Circuit noted that, "[c]ounting the convictions separately resulted in a criminal history category of III rather than II. But given Weidenburner's offense level, his guidelines range would remain 360 months to life." *United States v. Weidenburner,* 550 Fed.Appx. 298, 305-06 (7th Cir. Nov. 4, 2013)(unpublished). As noted in defendant's appeal, regardless of whether defendant's criminal history category was II rather than III, the guideline range was exactly the same – 360 months to life. As such, the guideline range was not miscalculated even if the criminal history category may have been.

A factual finding that the defendant's criminal history category is II would be inconsistent with the factual finding made during the original sentencing that his criminal history category was III and therefore prohibited within a § 3582(c) motion. Therefore, as stated in the Court's order denying defendant's motion for reduction, Amendment 782 did not lower the defendant's applicable guideline range.

Defendant's Donald L. Weidenburner's Motion (Doc. 887) for Reconsideration is **DENIED.**

**IT IS SO ORDERED.**

**DATED:** 1/10/2017

              *s/J. Phil Gilbert*
              **J. PHIL GILBERT**
              **DISTRICT JUDGE**